AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
17 MAR 15 AM 8:32

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MAYRA ELIZABETH RANGEL MORENO (3) | Case Number: 16CR2066-LAB |

MXN  DEPUTY

RICARDO GONZALEZ, RETAINED
Defendant's Attorney

**REGISTRATION NO.** 53600298

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s) **TWO OF THE INFORMATION**

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 1956(h) | CONSPIRACY TO LAUNDER MONEY | 2 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ are ___ dismissed on the motion of the United States.

☒ Assessment : $100.00

☒ No fine     ☒ Forfeiture pursuant to order filed  03-15-2017 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 13, 2017
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

16CR2066-LAB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MAYRA ELIZABETH RANGEL MORENO (3) | Judgment - Page **2** of **4** |
| CASE NUMBER: | 16CR2066-LAB | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
24 MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
WESTERN REGION DESIGNATION.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

16CR2066-LAB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MAYRA ELIZABETH RANGEL MORENO (3) | Judgment - Page 3 of 4 |
| CASE NUMBER: | 16CR2066-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
3 YEARS

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐   The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | MAYRA ELIZABETH RANGEL MORENO (3) | Judgment - Page 4 of 4 |
|---|---|---|
| CASE NUMBER: | 16CR2066-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Not reenter the United States illegally.

//

16CR2066-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr2066-LAB |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MAYRA ELIZABETH RANGEL MORENO (3), | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant MAYRA ELIZABETH RANGEL MORENO (3) ("Defendant"), pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1), as charged in the Information; and

WHEREAS, on or about September 20, 2016, Defendant pled guilty before Magistrate Judge Mitchell D. Dembin to Count 2 of the Information, which plea included consent to the forfeiture allegations of the Information, and an agreement to entry of a $724,953.00 judgment against the Defendant in favor of the United States, for which Defendant shall be jointly and severally liable with co-defendants Eduardo Pena (1) and Ana Karen Gutierrez Anaya (2); and

//

1  WHEREAS, on October 18, 2016 this Court accepted the guilty plea of Defendant; and

3  WHEREAS, in her plea and forfeiture addendum Defendant agreed to forfeit $8,212.70 and $5,423.47 in funds seized from two bank accounts, however, these funds were forfeited in uncontested agency administrative proceedings after proper notice in February 2015; and

7  WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $724,953.00 (U.S. dollars) represents property involved in the violation of 18 U.S.C. § 1956(h), to which Defendant has pled guilty, as charged in the Information; and

11  WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of $724,953.00, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

15  WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $724,953.00 judgment and the offense; and

18  WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

20  WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

23  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

24  1.  Defendant MAYRA ELIZABETH RANGEL MORENO (3) shall forfeit to the United States the sum of $724,953.00 pursuant to 18 U.S.C. § 982(a)(1) in the form of a judgment in favor of the United States against the Defendant, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

2.   Defendant shall be jointly and severally liable for the payment of the $724,953.00 with co-defendants Eduardo Pena (1) and Ana Karen Gutierrez Anaya (2).

3.   This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

4.   Pursuant to Rule 32.2(b)(4), this Order of Forfeiture was made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

5.   Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

6.   The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $724,953.00 to satisfy the money judgment in whole or in part.

7.   The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: March 14, 2017

*Larry A. Burns*
HONORABLE LARRY ALAN BURNS
United States District Judge